DONIGAN v FINN

Docket No. 78-2240. Submitted June 21, 1979, at Detroit.—Decided
    January 22, 1980.

James F. Finn was appointed to represent Leo Donigan, an
    allegedly indigent criminal defendant, in the United States
    District Court. Donigan pled guilty to one count of a four-count
    indictment. He sought to vacate his guilty plea before sentenc-
    ing, but his motion to vacate the plea was denied. Donigan then
    brought an action in the state court against Finn for legal
    malpractice. Finn brought a motion for summary judgment,
    alleging that appointed counsel for indigent defendants enjoy a
    qualified immunity from malpractice liability arising from their
    conduct of the defense and that reversal of the underlying
    conviction because of ineffective assistance of counsel should be
    an absolute prerequisite to such malpractice actions. The
    Wayne Circuit Court, Victor J. Baum, J., denied Finn's motion,
    and Finn appeals by leave granted. *Held:*

    An attorney appointed to defend an indigent criminal defen-
    dant is not immune from liability for malpractice in connection
    with his defense of the indigent defendant.

    Affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO COUNSEL.

    An indigent defendant has a right to counsel in criminal prosecu-
    tions; however, he is not entitled to choose a particular attor-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 148.
[1, 2] 21 Am Jur 2d, Criminal Law §§ 318, 319.
    Accused's right to counsel under the Federal Constitution—Su-
        preme Court cases. 18 L Ed 2d 1420.
    Constitutionally protected right of indigent accused to appointment
        of counsel in state court prosecution. 93 ALR2d 747.
[2] 7 Am Jur 2d, Attorneys at Law § 167 *et seq.*
    Court-appointed attorney as subject to liability under 42 USCS
        § 1983. 36 ALR Fed 594.
    Attorney's liability for malpractice in connection with defense of
        criminal case. 53 ALR3d 731.
    Indigent accused's right to choose particular counsel appointment
        to assist him. 66 ALR3d 996.

ney and may change appointed attorneys only upon a showing
of adequate cause (US Const, Am VI).

2. CRIMINAL LAW — APPOINTED COUNSEL — ATTORNEY AND CLIENT —
LEGAL MALPRACTICE.

An attorney who is appointed to defend an indigent criminal
defendant is not immune from liability for legal malpractice in
connection with the defense of the indigent defendant.

*Leo Donigan, in propria persona.*

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Charles T. McGorisk* and *Christine D. Oldani),* for defendant.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

N. J. KAUFMAN, P.J. Defendant appeals by leave granted from a March 16, 1978, Wayne County Circuit Court order denying defendant's motion for summary judgment on grounds of qualified immunity in this attorney malpractice case.

According to the certified concise statement of facts, this case arises out of defendant's representation of plaintiff in a criminal prosecution entitled *United States v Leo Donigan,* No. CR-5-80825, in the United States District Court for the Eastern District of Michigan. The indictment in that criminal prosecution was handed down on May 9, 1975, and contained four counts. By an order entered June 25, 1975, Honorable Paul S. Komives, United States Magistrate, appointed Finn to defend Donigan, an alleged indigent, in that criminal prosecution. We note that defendant Finn was not forced to take the appointment. He could have turned it down.

On May 6, 1976, Donigan pled guilty to Count

* Circuit judge, sitting on the Court of Appeals by assignment.

III of the indictment. Counts I, II and IV were dismissed by an order entered September 7, 1976.

The Sixth Circuit Court of Appeals has not reversed that plea-based conviction due to ineffective assistance of counsel or for any other reason.

Before sentencing, Donigan filed a motion to vacate his guilty plea, claiming that he had a meritorious defense to the indictment based on the statute of limitations. The Sixth Circuit Court of Appeals affirmed the denial of that motion by an order entered on March 8, 1977, which read:

"Upon consideration, it is concluded that the District Court did not abuse its discretion in denying the motion to vacate the plea of guilty. Moreover, the Court concludes that three other grounds allegedly justifying a withdrawal of the guilty plea, set forth in the appellant's brief on appeal, were not presented to the District Court in the first instance, and we decline to address them here. Accordingly,

"IT IS ORDERED that the judgment of the District Court be, and it is hereby affirmed, but without prejudice to any right of the defendant, by proceedings under 28 U.S.C. § 2255 or otherwise, to raise an issue of the propriety of the guilty plea based on the claim that the government failed to keep a plea bargain."

Thereafter, on April 15, 1977, plaintiff filed a malpractice claim against his appointed attorney. Defendant moved for summary judgment, arguing that appointed counsel for indigent defendants enjoy a qualified immunity from suits for malpractice in their conduct of the defense. Defendant also contended that an absolute prerequisite to such suits should be that the underlying conviction has been reversed due to ineffective assistance of counsel. The trial court rejected defendant's argument

and he now appeals. We granted leave to appeal on September 8, 1978.

Our issue of first impression is whether appointed attorneys for indigent criminal defendants are immune from malpractice liability in a state action in connection with the defense of an accused indigent. We conclude that they are not immune.[1]

An indigent defendant has a right to counsel in criminal prosecutions. US Const, Am VI, *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733 (1963), *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972). However, an indigent defendant is not entitled to choose a particular lawyer and can change appointed attorneys only upon a showing of adequate cause. See *People v Ginther,* 390 Mich 436, 441; 212 NW2d 922 (1973). Further, when we reflect on the equal protection clause of the 14th Amendment to the United States Constitution, we are reminded of the words of the late Justice Black who, in *Griffin v Illinois,* 351 US 12, 19; 76 S Ct 585; 100 L Ed 891 (1956), stated: "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has".

In light of the foregoing well-established principles of law, we decline to draw a distinction between appointed and retained counsel in criminal cases when it comes to questions of malpractice. The United States Constitution and our own principles of fairness lead us to affirm the trial court.

Affirmed. Costs to appellee.

---

[1] It is noteworthy that the United States Supreme Court has reached the same conclusion recently in *Ferri v Ackerman,* 444 US 193; 100 S Ct 402; 62 L Ed 2d 355 (1979). Although the *Ferri* case involved an interpretation of Federal law, which expressly allowed a state to reach its own conclusion in this area, it nevertheless serves as a strong indication of a trend away from immunity in the instant situation.