424 So.2d 888 (1982)
William J. WINDSOR and Martha S. Windsor, His Wife, Appellants,
v.
James B. GIBSON, As Public Defender of the Seventh Judicial Circuit, In and For ST. JOHNS COUNTY, Florida, Appellee.
No. AL-123.
District Court of Appeal of Florida, First District.
December 20, 1982.
*889 John W. Frost, II, of Frost, Purcell & Lilly, P.A., Bartow, for appellants.
Jim Smith, Atty. Gen., Joseph A. Linnehan, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a dismissal of appellant's complaint with prejudice on the grounds that the doctrine of judicial immunity precludes bringing a malpractice suit against the public defender's office. We reverse and certify the question.
In his complaint, appellant alleged that the public defender's office represented him in the defense of a worthless check charge. On the advice of an assistant public defender, appellant pled guilty to the charge in return for the state's recommendation that he be sentenced to a probationary period. The trial judge agreed to the bargain. Six months later, appellant appeared for sentencing represented by another member of the public defender's office. This assistant made no mention of the previously accepted plea bargain, and as a result, appellant was sentenced to two years in prison. Fortunately, appellant was able to obtain new counsel who secured his release after eighty-six days of incarceration. Thereafter, appellant filed his complaint, the dismissal of which prompts this appeal.
Appellee has provided us with no reason the public defender should not be required to respond to appellant's complaint and our own research has revealed none. Those courts which have considered the question of public defender's liability for malpractice have held there is no immunity.[1] We agree.
Considerations which require that a judge and prosecutor be immune from liability for the exercise of duties essential to the administration of justice, do not require that the same immunity be extended to the public defender. While the prosecutor is an officer of the state whose duty it is to see that impartial justice is done, the public defender is an advocate, who once appointed owes a duty only to his client, the indigent defendant. His role does not differ from that of privately retained counsel.[2]
Because we recognize the serious impact our holding today may have on Florida's public defender system,[3] we certify the following question to be of great public importance:[4]
Does the doctrine of judicial immunity preclude the bringing of a suit against the office of the public defender by a former client for malpractice committed *890 by the public defender or one of his assistants in the course of representing the former client on criminal charges?
REVERSED and REMANDED.
LARRY G. SMITH, SHAW and JOANOS, JJ., concur.
NOTES
[1] Reese v. Danforth, 486 Pa. 479, 406 A.2d 735, 6 ALR 4th 758 (1979); Spring v. Constantino, 168 Conn. 563, 362 A.2d 871 (1975). Similarly, appointed counsel in federal criminal prosecutions have been held not immune under federal law, Ferri v. Ackerman, 444 U.S. 193, 62 L.Ed.2d 355, 100 S.Ct. 402 (1979), or state law, Donigan v. Finn, 95 Mich. App. 28, 290 N.W.2d 80 (1980).
[2] Reese v. Danforth, 486 Pa. n. 1, 406 A.2d 735. See also, Ferri v. Ackerman, 444 U.S. at 204, 100 S.Ct. at 409; Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509, 516.
[3] 1980 figures show that Florida is third among the states in total costs of indigent defense services, behind only California and New York, and sixth in per capita expenditures. Lefstein, Criminal Defense Services For The Poor (May 1982).
[4] Fla. Const. art. V, section 3(b)(5).