739 So.2d 1282 (1999)
Carla WILCOX, Appellant,
v.
Bennett H. BRUMMER, Public Defender, Appellee.
No. 98-2490.
District Court of Appeal of Florida, Third District.
September 13, 1999.
Reisman & Abraham and Jerome S. Reisman, Coral Gables, for appellant.
Papy, Weissenborn, Poole & Vraspir and Sheridan Weissenborn, Coral Gables, for appellee.
BEFORE: NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
The plaintiff, Carla Wilcox, appeals from a final order granting the Public Defender's motion to dismiss. We reverse.
*1283 The plaintiff contends that the trial court erred by dismissing her complaint based on quasi-judicial immunity. We agree.
In Windsor v. Gibson, 424 So.2d 888 (Fla. 1st DCA 1982), the First District held that the doctrine of judicial immunity does not preclude bringing a malpractice suit against the public defender's office. The court explained:
Considerations which require that a judge and prosecutor be immune from liability for the exercise of duties essential to the administration of justice, do not require that the same immunity be extended to the public defender. While the prosecutor is an officer of the state whose duty it is to see that impartial justice is done, the public defender is an advocate, who once appointed owes a duty only to his client, the indigent defendant. His role does not differ from that of privately retained counsel.
Windsor v. Gibson, 424 So.2d at 889. For the reasons expressed above, we find that the trial court erred by finding that the plaintiff's action was precluded by quasi-judicial immunity.
Because we recognize, as the First District did in Windsor, that our holding may have a serious impact on the Office of the Public Defender, we certify the following question as one of great public importance:
DOES THE DOCTRINE OF JUDICIAL IMMUNITY PRECLUDE THE BRINGING OF A LAWSUIT AGAINST THE OFFICE OF THE PUBLIC DEFENDER FOR THE ACTIONS OF THE PUBLIC DEFENDER OR ONE OF HIS OR HER ASSISTANTS?
Reversed and remanded for further proceedings consistent with this opinion.