# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM J. BOTTESI, JR.,

Plaintiff-Appellant,

v

GRANT T. CARLSON,

Defendant-Appellee.

UNPUBLISHED
October 27, 2016

No. 327906
Dickinson Circuit Court
LC No. 14-018210-NM

Before: MARKEY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this action alleging legal malpractice, plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition on the basis of collateral and judicial estoppel. We affirm.

## I. FACTS AND PROCEEDINGS

On October 2, 2012, plaintiff pleaded no contest to third-degree criminal sexual conduct (CSC), MCL 750.520d(1)(b), assault with intent to commit sexual penetration, MCL 750.520g(1), and operating a vehicle while impaired (OWI), MCL 257.625(3). Plaintiff was arrested on July 21, 2012 after he assaulted his ex-wife and was charged with first-degree CSC, MCL 750.520b(1)(f), first-degree home invasion, MCL 750.110a(2), interfering with an electronic communication causing serious injury, MCL 750.540(5)(b), assaulting, resisting or obstructing a police officer, MCL 750.81d(1), and operating a vehicle while intoxicated, MCL 257.625(1). Defendant was appointed to represented plaintiff in the criminal case.

Plaintiff entered his no contest plea pursuant to a plea bargain that included dismissal of the greater original charges, agreement on the scoring of certain sentencing guidelines variables, and agreement on a minimum sentencing range of 36 to 60 months. Defendant explained the plea offer to plaintiff in a letter before the plea was tendered. On October 2, 2012, plaintiff pleaded no contest according to the terms of plea agreement outlined in defendant's letter. The plea transcript does not indicate any reservation on plaintiff's part regarding tendering the plea, or that it was anything other than his knowing and voluntary choice. Plaintiff, under oath, acknowledged that he understood the maximum penalties for each offense to which he pleaded no contest, and that he would be giving up his right to a trial, the presumption of innocence, the right to remain silent or to testify or present witnesses, and to require the prosecutor to prove his

-1-

guilt beyond a reasonable doubt. He affirmed that no one had promised him anything in addition to the plea agreement and that no one had forced or coerced him to plead no contest.

The parties stipulated that the no contest plea was proper based on intoxication and civil liability and also stipulated that the trial court could review a probable cause statement, marked as Exhibit 1, that supported issuance of the complaint and warrant regarding the original charges. After determining that plaintiff's no contest plea was knowing and voluntary in accordance with the plea bargain, the trial court determined that the exhibit established all the elements of the offenses to which plaintiff pleaded no contest. The trial court accepted plaintiff's no contest plea, finding that "it was entered here today freely, voluntarily and accurately."

On December 4, 2012, plaintiff was sentenced in accordance with the plea bargain to concurrent prison terms of 40 months to 15 years for the third-degree CSC, 18 months to ten years for the assault with intent to commit CSC involving penetration, and 93 days jail for the OWI conviction. Plaintiff did not appeal his convictions and sentences.

At the sentencing hearing, plaintiff expressed great remorse and asked the court to "follow the guidelines and give me what you think I deserve." Plaintiff also stated that the incident was not the victim's fault and that "I did this." Plaintiff further submitted a letter for the trial court's consideration at sentencing. Plaintiff stated in the letter that he had accepted the plea offer "to avoid putting [the victim] in a position of having to relive that hellish night in open court." He also stated he wanted to focus on repairing the damage he had done.

In May 2014, plaintiff filed in the criminal case a motion for relief from the judgment, MCR 6.501 *et seq.*, alleging that defendant provided ineffective assistance of counsel. He filed an amended motion for relief from judgment in August 2014. Plaintiff's claims included allegations that defendant provided inaccurate sentencing advice, failed to file various motions, did not seek a psychological evaluation of plaintiff, and failed to challenge the legality of plaintiff's arrest and the search of his residence. Plaintiff also alleged defendant failed to conduct basic pre-trial investigation, failed to object to certain statements at the sentencing hearing, failed to provide undivided loyalty, and coerced plaintiff into pleading no contest. Plaintiff further asserted that his no contest plea was defective because the trial judge had not stated what part of Exhibit 1 it relied on to find the elements of each offense, he had not been informed of the plea agreement sentence range related to the minimum portion of his sentence, and he was not informed about restitution or of driving sanctions from his OWI conviction.

On September 12, 2014, the circuit court judge that had presided over the criminal proceedings issued an opinion and order denying plaintiff's motion for relief from judgment. The circuit court determined that the exhibit submitted by the parties at the plea established the elements of the charges that were dismissed pursuant to the plea: first-degree CSC and first-degree home invasion. The court also found that plaintiff's assertion that defendant "was incompetent lacks merit in light of the significant plea agreement [defendant] was able to negotiate for [plaintiff] in light of the overwhelming evidence against him." The circuit court also determined that none of the plea proceeding irregularities that plaintiff alleged, even if accurate, were "so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to withstand." The circuit court rejected several of plaintiff's specific allegations concerning defendant's representation, such as failing to object to statements

concerning the medical expenses the victim incurred as a result of the offenses, failing to challenge plaintiff's arrest and a search of plaintiff's home, and stated that nothing during the course of the proceedings supported that plaintiff was suffering from any mental defect that might require a psychological evaluation. The court determined none of the instances of alleged ineffective assistance prejudiced plaintiff.

Plaintiff filed this lawsuit on October 28, 2014, asserting claims of legal malpractice, alleging fraudulent misrepresentation, concealment of facts to induce contract, interference with rights and perjury—all in connection with defendant's representation of plaintiff in the criminal case. Plaintiff asserted damages based on his incarceration related to lost income, loss of liberty, and a lost opportunity to sue the police for false arrest, and mental anguish.

Plaintiff filed an amended complaint on December 29, 2014, again alleging a claim of legal malpractice, and asserting fraudulent misrepresentation, fraudulent concealment of facts to induce a contract, interference with rights, obtaining money under false pretenses, and perjury, all of which concerned defendant's legal representation of plaintiff in the criminal case. Plaintiff alleged that at the time of the criminal prosecution, his mental state was not sharp due to a head injury, and that defendant restricted his access to information. Plaintiff alleged defendant had a conflict of interest because he was court-appointed; defendant failed to contest police actions, including his arrest, search of plaintiff's home, and the taking of plaintiff's statement; defendant failed to properly investigate by not hiring a bite-mark expert, not seeking a psychological exam of plaintiff, not investigating the victim's past, and not interviewing a potential witness; defendant failed to explain all the elements of the charged offenses, and all collateral consequences of his convictions, including restitution, driver's responsibility fees and court costs, and did not fully explain minimum and maximum sentences; and, defendant failed to raise a defense of selective prosecution and gender bias because the victim was not charged for entering his home. The allegations of fraudulent misrepresentation, fraudulent concealment of facts, obtaining money by false pretenses, and perjury, all related to defendant's alleged errors or omissions while representing plaintiff during the criminal prosecution.

On January 10, 2015, plaintiff filed a motion to stay proceedings pending the outcome of his appeal in the criminal case.[1] On February 13, 2015, defendant filed a motion for summary disposition on the basis that he could not be held liable for the honest exercise of professional judgment and that the doctrines of judicial estoppel and collateral estoppel barred plaintiff's claims of legal malpractice. Defendant also responded to plaintiff's motion for stay arguing that it should be denied for the same reasons that defendant should be granted summary disposition.

---

[1] Plaintiff filed a delayed application for leave to appeal the order denying relief from judgment in the criminal case on March 11, 2015. This Court denied the application "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v Bottesi*, unpublished order of the Court of Appeals, entered June 22, 2015 (Docket No. 326369).

The trial court[2] heard the motions on April 17, 2015. Plaintiff appeared from prison via an audio-video connection but presented no oral argument.

The trial court issued an opinion on April 17, 2015, deciding the motions. The trial court reviewed the pleadings, the parties' briefs, the record in the criminal case, and the record concerning the motion for relief from judgment. Plaintiff had also submitted his own affidavit supporting his complaint. The trial court found that although plaintiff attached differing labels to his claims, all the claims concerned allegations that various actions or inactions of defendant while representing plaintiff during the criminal case amounted to malpractice. The trial court determined that judicial estoppel would preclude plaintiff from asserting his innocence in this case for purposes of proceeding on a legal malpractice claim when he had acknowledged guilt through his no contest plea and accepted responsibility at sentencing in the criminal case. With respect to collateral estoppel, the trial court found that all plaintiff's allegations concerned the adequacy defendant's representation of plaintiff in the criminal case and had previously been determined by the circuit court in denying plaintiff's motion for relief from judgment. The trial court therefore granted defendant's motion for summary disposition.

On April 20, 2015, the court entered its order denying plaintiff's motion for stay and plaintiff's motion for summary disposition and granting defendant's motion for summary disposition "pursuant to MCR 2.116(C)(8) and (C)(10) on the theories of collateral and judicial estoppel." The trial court denied plaintiff's motion for reconsideration by order entered May 21, 2015. Plaintiff now appeals by right.

II. STANDARD OF REVIEW

The trial court granted defendant's motion for summary disposition "pursuant to MCR 2.116(C)(8) and (C)(10)" but otherwise did not state under which subrule it granted the motion. A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint; when deciding the motion a court may consider only the pleadings. *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999); MCR 2.116(G)(5). Because the trial court granted defendant's motion on the basis of having reviewed documentary material outside the pleadings, we review the trial court's decision as being grounded on MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim; the trial court's decision regarding the motion is reviewed de novo on appeal. *Karbel v Comerica Bank*, 247 Mich App 90, 95-96; 635 NW2d 69 (2001). The moving party has the burden of identifying and supporting with evidence the issues for which there is no genuine issue of material fact, and which entitle it to judgment as a matter of law. MCR 2.116(C)(10), (G)(4); *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). The moving party may meet its burden either by submitting affirmative evidence that negates an essential element of the nonmoving party's claim or demonstrating that

---

[2] Both circuit court judges of Dickinson Circuit Court recused themselves from presiding over plaintiff's civil action, which was assigned to Marquette Circuit Court Judge Jennifer Mazzuchi.

the nonmoving party's evidence is insufficient to establish an essential element of that party's claim. *Quinto v Cross & Peters Co*, 451 Mich 358, 361-362; 547 NW2d 314 (1996). If the moving party adequately supports its motion, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*. at 362. The nonmoving party must then present specific evidence, the content of which would be admissible at trial, showing that there is a genuine issue of disputed material fact. MCR 2.116(G)(4)-(6); *Maiden*, 461 Mich at 121, 123 n 5; *Barnard Mfg Co*, 285 Mich App at 373. When deciding the motion, a trial court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the nonmoving party. *Quinto*, 451 Mich at 362. Where the documentary evidence fails to establish a material issue of disputed fact and the moving party is entitled to judgment as a matter of law, summary disposition is appropriate. *Id*.

The application of the doctrine of collateral estoppel is a question of law reviewed de novo. *Barrow v Pritchard*, 235 Mich App 478, 480; 597 NW2d 853 (1999). Any findings of fact regarding application of the doctrine are reviewed for clear error. MCR 2.613(C); *Am Fed of State, Co & Muni Employees v Bank One*, 267 Mich App 281, 293; 705 NW2d 355 (2005).

"Judicial estoppel is an equitable doctrine." *Szyszlo v Akowitz*, 296 Mich App 40, 46; 818 NW2d 424 (2012). On appeal, the trial court's findings of fact underlying its decision are reviewed for clear error, and the court's application of the doctrine is reviewed de novo. *Id*. A finding is clearly erroneous when the reviewing court is left with the definite and firm c9nviction that a mistake has been made. *Webb v Smith (After Remand)*, 204 Mich App 564, 568; 516 NW2d 124 (1994).

III. ANALYSIS

A. COLLATERAL ESTOPPEL

We conclude that the trial court properly granted defendant summary disposition on the basis of collateral estoppel because all plaintiff's claims in the present case are based on defendant's alleged legal malpractice during his representation of plaintiff in the criminal proceeding and the same claims were the basis for plaintiff's motion for relief from judgment in the criminal case, which claims were decided against plaintiff after a full and fair opportunity to present them. See *Schlumm v Terence J O'Hagan, PC*, 173 Mich App 345, 356; 433 NW2d 839 (1988); *Knoblauch v Kenyon*, 163 Mich App 712, 725; 415 NW2d 286 (1987) ("where a full and fair determination has been made in a previous criminal action that the client received the effective assistance of counsel, the defendant-attorney in a subsequent civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar").

The legal doctrine of collateral estoppel is a rule of issue preclusion. *Moses v Dep't of Corrections*, 274 Mich App 481, 503; 736 NW2d 269 (2007). It bars litigating the same issue in a new action between the same parties or their privies when an earlier proceeding resulted in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding. *Id*. The doctrine of collateral estoppel requires that "(1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008). The requirement of

-5-

mutuality means that the party asserting the prior judgment as a bar must have been a party or a privy of a party to the prior case so as to be bound by the prior judgment. *Monat v State Farm Ins Co*, 469 Mich 679, 684-685; 677 NW2d 843 (2004). But the *Monat* Court held that, "where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue, mutuality is not required." *Id*. at 680-681.

The *Monat* Court reasoned that "allowing the defensive use of collateral estoppel [when a party has already had a full and fair opportunity to litigate the issue] would enhance the efficient administration of justice and ensure more consistent judicial decisions." *Id*. at 688. The Court also cited with approval this Court's decision in *Knoblauch*, 163 Mich App at 725, that collateral estoppel does not require mutuality where "(1) collateral estoppel was being asserted defensively and (2) the plaintiff had an opportunity to litigate the issue in a prior proceeding." *Monat*, 469 Mich at 690-691. The Court was "[p]ersuaded by the reasoning of *Knoblauch* . . . that the lack of mutuality of estoppel should not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue that such party has already had a full and fair opportunity to litigate in a prior suit." *Id*. at 691.

In this case, the issue of whether defendant provided ineffective assistance of counsel during the prior criminal case was a question of fact essential to the denial of plaintiff's motion for relief from judgment that was actually litigated and determined adversely to plaintiff by a valid and final judgment. Plaintiff presents a specious argument that his claims of legal negligence in the present case, wrapped in words of other common-law torts such as fraud, are not the same as his claims of ineffective assistance of counsel in the criminal case. When applying legal doctrines, a court must look beyond mere procedural labels and review a complaint as a whole to determine its true nature. See *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 457; 761 NW2d 846 (2008) (reading the complaint as a whole to determine its true nature for purposes of applying the correct statute of limitations); *Manning v Amerman*, 229 Mich App 608, 613; 582 NW2d 539 (1998) (determining jurisdiction by looking beyond a plaintiff's choice of labels to determine the true nature of the plaintiff's claim). In the present case, the trial court did not clearly err by finding that the allegations on plaintiff's complaint by whatever label attached, concerned allegations of negligent acts and omissions regarding defendant's representation of the plaintiff in the prior criminal case. Indeed, plaintiff's claimed damages flow from his conviction and sentence in the criminal case.[3] Consequently, the trial

---

[3] Although plaintiff asserts damages from losing an opportunity to bring a civil rights action, apparently against the police, it is patent from his pleadings that defendant was only appointed to represent plaintiff in the criminal prosecution, not to advise or represent plaintiff in a possible civil action against third parties. Thus, while defendant owed plaintiff a duty to "exercise reasonable skill, care, discretion and judgment" in representing plaintiff in the criminal proceeding, an attorney-client relationship is not alleged with respect to any other matter. See *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995); *Donigan v Finn*, 95 Mich App 28, 31; 290 NW2d 80 (1980). To the extent plaintiff's complaint asserts a legal malpractice claim beyond the scope of defendant's representation of plaintiff in the criminal case, summary disposition is proper under MCR 2.116(C)(8) because plaintiff did not allege an attorney-client relationship with plaintiff regarding other potential legal actions. *Simko*, 448 Mich at 654-655.

court did not err by finding that the claims of legal malpractice that plaintiff asserts in this case were in fact litigated in the criminal case, were necessary to the outcome, and were determined adversely to plaintiff by a valid final judgment.

Plaintiff was clearly a party to the prior criminal proceeding and had a full and fair opportunity to litigate the issue of defendant's alleged negligence in representing plaintiff in the criminal case. The *Monat* Court noted that there is no precise formula for determining whether a party has had a full and fair opportunity to litigate an issue, which often will "'rest on the trial courts' sense of justice and equity.'" *Monat*, 469 Mich at 683 n 2, quoting *Blonder-Tongue Laboratories, Inc v Univ of Illinois Foundation*, 402 US 313, 333-334; 91 SC 1434; 28 L Ed 2d 788 (1971). In this case, the fact that plaintiff had the opportunity to appeal the denial of his motion for relief from judgment militates in favor of finding that he had full and fair opportunity to litigate the issue of defendant's alleged ineffective assistance/malpractice in the criminal case. See *Monat*, 469 Mich at 685 ("the 'full and fair opportunity to litigate' normally encompasses the opportunity to both litigate and appeal"). Moreover, while there was no evidentiary hearing, plaintiff was represented by counsel in his motion for relief from judgment; the entire record in the criminal case was available to support his claim, and he could submit "any affidavit[s], document[s], or evidence to support the relief requested." MCR 6.502(E). These facts indicate that plaintiff had full and fair opportunity to litigate the issue of whether defendant provided ineffective assistance or committed malpractice in plaintiff's criminal case.

Plaintiff argues that he did not have a full and fair opportunity to litigate the issue of defendant's alleged malpractice in the criminal case because he faced a higher burden of proof in the criminal case where counsel is presumed to have rendered effective assistance. Plaintiff cites in support of this argument a dissenting statement of Justice LEVIN to an order denying reconsideration of an order denying leave to appeal. See *Kerkman v Varnum, Riddering, Schmidt & Howlet*, 444 Mich 889; 519 NW2d 862 (1994). An order of our Supreme Court may be binding precedent when it contains a concise statement of facts and the reasons for the Court's decision. Const 1963, art 6, § 6; *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993). But where a particular reason for a decision lacks the agreement of a majority of justices the decision is not binding precedent. See *Negri v Slotkin*, 397 Mich 105, 109; 244 NW2d 98 (1976). Clearly, Justice Levin's lone dissenting statement in an order is not binding precedent. Moreover, this Court has held that while "the requirements to establish ineffective assistance of counsel and legal malpractice may contain language disparity, we believe the standards are sufficiently similar in substance to support the application of the defense of collateral estoppel." *Barrow v Pritchard*, 235 Mich App 478, 484-485; 597 NW2d 853 (1999). The holding of *Barrow* is binding precedent, MCR 7.215(C)(2), and has been cited with approval by our Supreme Court in *People v Trakhtenberg*, 493 Mich 38, 48; 826 NW2d 136 (2012).

The Court in *Trakhtenberg* held that a civil judgment that the performance of a criminal defense attorney did not amount to malpractice could not be used to collaterally estop the convicted criminal defendant from asserting a claim of ineffective assistance of counsel in the underlying criminal case. *Id*. at 42, 50-51. The Court reasoned that the defendant did not have a full and fair opportunity to litigate his claim of malpractice/ineffective assistance in the civil case. *Id*. Specifically, the Court determined that the defendant did not have as strong an interest in pursuing his claims of alleged errors by counsel in the civil case motivated only by monetary gain, "whereas in his criminal case he seeks protection of a constitutional right and his liberty."

*Id*. at 51. Thus, the defendant did not have "full and fair opportunity to litigate his ineffective-assistance-of-counsel claim" in the prior civil proceeding "because defendant has a different and most likely stronger incentive to litigate counsel's errors in the criminal proceeding . . . ." *Id*. By analogy, plaintiff in this case did have a full and fair opportunity to litigate his allegation of defendant's professional errors in the criminal case where his liberty was at stake.

The final element of collateral estoppel is mutuality. But as noted already, "where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue, mutuality is not required." *Monat*, 469 Mich at 680-681. And, as previously discussed, the *Monat* Court found persuasive the reasoning of this Court in cases factually similar to the instant case holding that where effective assistance of counsel was fully and fairly litigated, and necessary to a final judgment in a criminal case, the criminal case judgment could be used defensively to bar a subsequent legal malpractice claim against the defense counsel. *Id*. at 690-691, citing *Knoblauch*, 163 Mich App at 725; *Alterman v Provizer*, 195 Mich App 422, 424-425; 491 NW2d 868 (1992), and *Schlumm*, 173 Mich App at 357. Consequently, "mutuality of estoppel is not necessary before a defendant in a legal malpractice action can use the defense of collateral estoppel." *Barrow*, 235 Mich App at 485.

Whether defendant provided ineffective assistance of counsel (or committed errors amounting to legal malpractice) was a necessary factual issue fully and fairly litigated by plaintiff in his motion for relief from judgment. The resulting order denying the motion became a final judgment when this Court denied plaintiff's application for leave to appeal. Thus, because a final judgment in the criminal case determined as an essential fact that defendant did not provide ineffective assistance of counsel to plaintiff in the criminal proceeding and because plaintiff had a full and fair opportunity to litigate his claim in the criminal case, defendant may assert the prior judgment as a bar to plaintiff's claims of malpractice in this case. *Schlumm*, 173 Mich App at 356 (when the judicial system makes a full and fair determination that a plaintiff received effective assistance of counsel in a criminal proceeding, the plaintiff is collaterally estopped from again raising the same issue in a malpractice proceeding against the plaintiff's defense counsel); *Knoblauch*, 163 Mich App at 725. Consequently, the trial court did not err by granting defendant summary disposition on the basis of collateral estoppel. *Id*.; *Barrow*, 235 Mich App at 484-485; *Schlumm*, 173 Mich App at 356.

## B. JUDICIAL ESTOPPEL

The doctrine of judicial estoppel also supports the trial court's ruling granting defendant summary disposition because plaintiff is estopped to assert, contrary to his testimony at the plea proceeding, that his no contest plea was somehow coerced by defendant and not his free, voluntary, and understanding choice. *People v White*, 307 Mich App 425, 431; 862 NW2d 1 (2014); *Schlumm*, 173 Mich App at 360. By voluntarily and unconditionally pleading no contest to certain offenses pursuant to the plea bargain, plaintiff has waived all claims that the state would be unable to prove him guilty and similarly waived all related claims of ineffective assistance of counsel. *New*, 427 Mich at 493; *Vonins*, 203 Mich App at 175-176. Consequently, plaintiff cannot show that the damages he alleges based on his incarceration were proximately caused by defendant's alleged legal malpractice. See *Schlumm*, 173 Mich App at 360-361. Therefore, the trial court properly granted defendant summary disposition. *Id*.

Our Supreme Court has described the doctrine of judicial estoppel as a "doctrine against the assertion of inconsistent positions," which is applied "by the courts in impeding those litigants who would otherwise play 'fast and loose' with the legal system." *Paschke v Retool Industries*, 445 Mich 502, 509; 519 NW2d 441 (1994). Under the doctrine of judicial estoppel, "a party who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." *Id*. (Citation omitted). This "prior success" model requires more than "the mere assertion of inconsistent positions" but instead requires "some indication that the court in the earlier proceeding accepted that party's position as true." *Id*. at 510. For the doctrine of judicial estoppel to apply, a party's claims in the two cases "must be wholly inconsistent." *Id*.; *Szyszlo*, 296 Mich App at 51.

In this case, defendant tendered a no contest plea to a 15-year felony, a 10-year felony, and 93-day misdemeanor. In return for his plea, plaintiff received the benefit of the prosecutor dismissing four other felony charges with possible maximum penalties, respectively, of life, 20 years, 4 years, and 2 years in prison. Plaintiff also received physiological benefits from his no contest plea that he explained in a letter before sentencing, noting that he accepted the plea offer "to avoid putting [the victim] in a position of having to relive that hellish night in open court." Further, plaintiff stated he wanted to "focus on how I can repair the damage I have done" and apparently, part of that healing process was asking the trial court to "follow the guidelines and give me what you think I deserve." So, clearly, plaintiff benefited from his no contest plea and to receive those benefits plaintiff "successfully and unequivocally" testified under oath that it was his knowing, free and voluntary choice to do so. Contrary to plaintiff's claims of coercion asserted in the instant lawsuit, plaintiff testified at the plea proceeding:

> *Court*. Has anyone promised you anything, Mr. Bottesi, in addition to the terms of this agreement to get you to plead no contest here today?
>
> *Bottesi*. No.
>
> *Court*. Has anyone told you I would be easier with you if you pled no contest rather than going through a trial in this matter?
>
> *Bottesi*. No, your Honor.
>
> *Court*. Has anyone forced or coerced you in any way to get you to plead no contest?
>
> *Bottesi*. No.
>
> * * *
>
> *Court*. And is that what you wish to do?
>
> *Bottesi*. I do.
>
> *Court*. Are you entering into this no contest plea freely, voluntarily, and of your own free choice, sir?

**Bottesi**.  Yes.

In *People v Serr*, 73 Mich App 19; 250 NW2d 535 (1976), the defendant, after sentence, moved to set aside his guilty plea that he had entered pursuant to a plea bargain.  As in the present case, the plea was entered in compliance with the Court Rules with the defendant acknowledging that he understood the plea agreement and that no other promises had been made to him.  *Id*. at 22-23.  The defendant claimed in his motion that there was an unstated promise that he be sentenced to county jail time and not sentenced to prison.  *Id*. at 23-24.  This Court noted that when a plea is tendered pursuant to a plea bargain, it must be "stated on the record, reviewed with the defendant to assure voluntariness and understanding, and confirmed by the defendant, his attorney and the prosecutor."  *Id*. at 27.  The Court opined:

> [W]here a defendant has been found guilty by reason of his own statements as to all of the elements required to be inquired into by [the Court Rules], and his attorney has also confirmed the agreement and the defendant has been sentenced, neither he nor his attorney will be permitted thereafter to offer their own testimony to deny the truth of their statements made to induce the court to act.  To do so would be to permit the use of its own processes to create what amounts to a fraud upon the court.  This is based on public policy designed to protect the judicial process.  [*Id*. at 28.]

The Court noted that "estoppel" is rarely used in criminal cases, but it is similar to "waiver," which "has long been recognized as valid even in the criminal field."  *Id*. at 29.  The Court limited its holding to precluding the defendant or his attorney from contradicting or denying statements previously made by the defendant or his attorney during a plea process in open court after the trial court had accepted the plea on the basis that it was "understandingly and voluntarily made and is accurate and where, as a result of the acceptance of the plea, the defendant has been sentenced."  *Id*. at 30-31.

In *White*, the defendant tendered a guilty plea according to a bargain that including delaying sentence during which the defendant would make restitution payments and at the end of the delay be sentenced at the low end of the sentencing guidelines.  The defendant failed to pay restitution and the trial court declined to abide by the sentence agreement[4] because the defendant had not fulfilled his part of the plea bargain.  *White*, 307 Mich App at 428.  The trial court denied the defendant's motion to withdraw his plea on the basis of ineffective assistance of counsel and that it was involuntary without conducting an evidentiary hearing.  *Id*.  Similar to this case, the defendant had submitted his own affidavit asserting that his "counsel pressured defendant into entering a plea, that counsel was unprepared, and that counsel did not advise defendant of the charges against him or any possible defenses."  *Id*. at 429.  And, like this case, the defendant testified at the plea proceeding "that it was his own choice to plead guilty and that there were no promises, threats, or inducements compelling him to tender the plea."  *Id*.  The trial court and this Court relied on *Serr*, 73 Mich App at 25-28, to reject the defendant's affidavit and testimony that were contrary to the defendant's own testimony during a plea hearing.  *White*, 307 Mich App

---

[4] See *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

-10-

at 430-431. Further, the defendant could not use a claim of ineffective assistance of counsel to contradict the record, which established that the defendant had knowingly and voluntarily accepted the plea agreement. *Id.* at 432.

In the present case, plaintiff alleges that he was somehow coerced into tendering his no contest plea, but he testified under oath to the contrary at the plea hearing in the criminal case. Further, to the extent there were any defects in the plea taking proceedings, such claims were rejected by the circuit court in the criminal case when plaintiff's motion for relief from judgment was denied. Collateral estoppel, for the reasons discussed in Part A, would preclude litigating again the issue of whether plaintiff's plea was somehow defective. The transcript of the plea proceeding shows that plaintiff's no contest plea was his knowing and voluntary choice, and the trial court in the criminal case found a sufficient reason and factual basis to accept it. Plaintiff is now estopped to testify to the contrary. *White*, 307 Mich App at 431 (a defendant may not present his own affidavit, or testify to contradict his own testimony during a plea hearing); *Serr*, 73 Mich App at 28-31. Consequently, plaintiff cannot establish that the damages he claims as result of his incarceration were proximately caused by defendant's legal malpractice.

To prove his claim of legal malpractice, plaintiff must establish: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Coleman v Gurwin*, 443 Mich 59, 63; 503 NW2d 435 (1993). The element of proximate cause includes both cause-in-fact, i.e., but for the attorney's negligence the plaintiff would not have sustained damages, and proximate or legal cause, i.e., "whether the defendant should be legally responsible for the plaintiff's injury." *Charles Reinhart Co v Winiemko*, 444 Mich 579, 586 n 13; 513 NW2d 773 (1994). The element of causation requires that a plaintiff "must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Skinner v Square D Co*, 445 Mich 153, 164-165; 516 NW2d 475 (1994). Like other torts, a legal malpractice plaintiff may not recover contingent or speculative damages. *Law Offices of Lawrence J Stockler, PC v Rose*, 174 Mich App 14, 33; 436 NW2d 70 (1989).

Except for claiming loss of an opportunity to bring a civil suit against the police not within the scope of the attorney-client relationship,[5] all plaintiff's alleged damages flow from plaintiff's claim that but for defendant's professional errors, the prosecution would not have been able to prove plaintiff guilty of the offenses to which he pled no contest. While plaintiff alleges that he was somehow coerced into tendering his no contest plea, his testimony under oath to the contrary at the plea hearing precludes such a claim. *White*, 307 Mich App at 431; *Serr*, 73 Mich App at 28-31. Further, to the extent there were any defects in the plea taking proceedings, such claims were rejected by the criminal trial court's denial of plaintiff's motion for relief from judgment. Collateral estoppel, for the reasons discussed in Part A, precludes litigating again the issue of whether plaintiff's plea was defective. The transcript of the plea proceeding shows that plaintiff's no contest plea was his knowing and voluntary choice, and the trial court in the

---

[5] See note 6, *supra*.

criminal case found a sufficient reason and factual basis to accept it. Plaintiff is now estopped to testify to the contrary.

In criminal prosecutions, "the general rule [is] that an unconditional plea, which is voluntary, knowing, and intelligent, waives claims that occurred before the entry of the guilty plea." *Crall*, 444 Mich at 464-465. Thus, a claim that relates solely to the capacity of the state to prove the defendant's factual guilt is subsumed by the defendant's guilty plea. *New*, 427 Mich at 491. A no contest plea is the functional equivalent of a guilty plea and has the same effect of waiving issues pertaining to the capacity of the state to prove the defendant's guilt. *Id*. at 493. Where the alleged deficient action of defense counsel relates to the state's capacity to prove factual guilt, claims of ineffective assistance of counsel relating to that action are also waived. *Vonins*, 203 Mich App at 176. As noted, plaintiff claims that but for defendant's professional negligence, the state would not have been able to convict and incarcerate him. But plaintiff, by his voluntary, unconditional no contest plea has waived any claim that the state would not be able to prove him guilty and has also waived all related claims of ineffective assistance of counsel. *New*, 427 Mich at 493; *Vonins*, 203 Mich App at 175-176. Thus, plaintiff's claimed damages based on his incarceration were not proximately caused by defendant's alleged negligence but by plaintiff's voluntary, unconditional no contest plea. See *Schlumm*, 173 Mich App at 360-361. Consequently, the trial court properly granted summary disposition to defendant because plaintiff could not prove that his alleged damages were proximately caused by defendant's malpractice. *Id*.; *Quinto*, 451 Mich at 361-362 (summary disposition is properly granted to a party where the evidence negates an essential element of the other party's claim).

We affirm. Defendant, as the prevailing may tax his costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause

-12-