# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICKEY WHITE

Defendant-Appellant.

FOR PUBLICATION
October 23, 2014
9:20 a.m.

No. 315579
Oakland Circuit Court
LC No. 2012-242010-FH

Before: BOONSTRA, P.J., and MARKEY and K. F. KELLY, JJ.

BOONSTRA, P.J.

Defendant appeals by delayed leave granted[1] his guilty plea convictions of two counts of obtaining money by false pretenses with intent to defraud, $1,000 or more but less than $20,000, MCL 750.218(4), and one count of conducting a criminal enterprise, MCL 750.159i(1). The trial court sentenced defendant as a habitual offender (fourth offense), MCL 769.12, to concurrent prison terms of 280 months to 40 years for the criminal enterprise conviction, and 3 months to 30 years each for the false pretenses convictions. Defendant was also ordered to pay restitution in the amount of $283,245. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Between 2009 and 2011, defendant, through a company identified as Braunstein & Associates, represented that he could assist struggling homeowners with mortgage modification. Defendant charged an upfront fee and promised a full money-back guarantee. Defendant allegedly represented that there were attorneys on staff to review and assist in preparing loan modification proposals to banks. Apparently, defendant employed no attorneys, and modification proposals were either incomplete or never submitted to the banks.

The Attorney General initiated an investigation of defendant's activities and negotiated with defendant for nearly a year. Before charges were formally filed, defendant and the Attorney General's office reached an agreement whereby defendant would pay $2,000 per week in

---

[1] *People v White*, unpublished order of the Court of Appeals, issued January 9, 2014 (Docket No. 315579).

restitution. Pursuant to this agreement, defendant paid approximately $10,000 in restitution, but then stopped making the required payments. As a result, defendant was formally charged with one count of operating a criminal enterprise and two counts of false pretenses, $1,000 or more but less than $20,000.

Defendant pleaded guilty to the charged offenses and received a sentence evaluation from the trial court pursuant to *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). The trial court agreed to delay sentencing for 60 days; if defendant paid partial restitution in the amount of $20,000, the trial court would further delay sentencing for an additional 90 days, and if defendant paid an additional $20,000 in restitution during that time period, the trial court stated that it would continue to delay the sentence up to the statutory maximum of 11 months, and, if defendant met all criteria imposed by the court, it would sentence defendant to a minimum sentence that would not exceed the bottom third of the recommended guidelines range.

Defendant failed to make the first $20,000 payment. At the time of sentencing, the trial court declined to sentence defendant in accordance with the *Cobbs* evaluation and imposed a higher sentence. The court found that it was not bound by the preliminary sentence evaluation in light of defendant's failure to make the agree-upon restitution payment. The court further rejected defendant's claim that he should be permitted to withdraw his plea because he was denied the effective assistance of counsel and his plea was not voluntarily made. The trial court also denied defendant's request for an evidentiary hearing. We find no errors requiring reversal.

## II. DENIAL OF REQUEST FOR EVIDENTIARY HEARING

For his first claim of error, defendant argues that the trial court abused its discretion when it denied his request for an evidentiary hearing regarding the voluntariness of his plea and the effectiveness of his trial counsel. We are precluded from granting defendant any relief in this regard. In an order dated May 14, 2014, a panel of this Court, considering the same issues, denied defendant's motion to remand.[2] That decision is now the law of the case. *People v Hayden*, 132 Mich App 273, 297; 348 NW2d 672 (1984). If defendant disagreed with the motion panel's decision, he should have filed a motion for rehearing before that panel or an application for leave to appeal that decision to the Supreme Court. *People v Douglas*, 122 Mich App 526, 529; 332 NW2d 521 (1983).

Even if we were to consider this issue, however, we would conclude that the trial court did not abuse its discretion when it denied defendant's request for an evidentiary hearing. A trial court's denial of a request for an evidentiary hearing is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). An abuse of discretion occurs when a court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011).

---

[2] *People v White*, unpublished order of the Court of Appeal, entered March 14, 2014 (Docket No. 315579)(emphasis added).

In support of his request for an evidentiary hearing, defendant provided his own affidavit and that of his aunt and uncle. The affidavits essentially state that defendant's counsel pressured defendant into entering a plea, that counsel was unprepared, and that counsel did not advise defendant of the charges against him or any possible defenses. At the time of the plea, however, defendant was sworn and testified that he was satisfied with the advice given by his counsel. The court also specifically explained the charges and the possible sentences. Defendant stated that it was his own choice to plead guilty and that there were no promises, threats, or inducements compelling him to tender the plea. Moreover, the fact that defendant had been represented for nearly a year by prior counsel during pre-charge negotiations with the Attorney General's office, and that he had at one time begun restitution payments, belies any assertion that he did not know the nature of the charges against him or any possible defenses. The statements made in defendant's affidavit directly contradict his testimony at the plea hearing. The trial court denied defendant's request for an evidentiary hearing because it found that, under the circumstances, granting an evidentiary hearing where defendant presumably would provide testimony inconsistent with his prior testimony would be against public policy. The trial court noted: "After all, the Defendant swore under oath to this Court to a certain state of affairs, and to now allow him to attack his own sworn testimony would allow him to benefit from perjury (either at the plea or in his affidavit) as well as to countenance a fraud upon the Court."

In reaching its conclusion, the trial court relied on this Court's decision in *People v Serr*, 73 Mich App 19, 25-26, 28; 250 NW2d 535 (1976). In that case, the defendant sought to withdraw his guilty plea as not knowing and voluntary. This Court found that where a plea is entered consistent with the applicable court rules, a trial court is barred from considering testimony or affidavits inconsistent with statements made during the plea. This Court held:

> It is the opinion of this court that where a defendant has been found guilty by reason of his own statements as to all of the elements required to be inquired into by GCR 1963, 785.7, and his attorney has also confirmed the agreement and the defendant has been sentenced, neither he nor his attorney will be permitted thereafter to offer their own testimony to deny the truth of their statements made to induce the court to act. To do so would be to permit the use of its own process to create what amounts to a fraud upon the court. This is based on public policy designed to protect the judicial process. [*Id*. at 28.]

We conclude that because defendant's offer of proof, i.e., his own affidavit, is inconsistent with defendant's own testimony during the plea hearing, the trial court did not abuse its discretion when it denied defendant's request for an evidentiary hearing.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he should have been permitted to withdraw his guilty plea because he was denied the effective assistance of counsel. Defendant argues that his trial counsel failed to explain the nature of his charges and possible defenses, and that he pressured defendant into accepting the plea. We disagree that defendant was denied the effective assistance of counsel.

When ineffective assistance of counsel is claimed in the context of a guilty plea, the relevant inquiry is whether the defendant tendered the plea voluntarily and understandingly.

*People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011). Guilty pleas have been deemed involuntary or unknowing where defense counsel fails to explain adequately the nature of the charges. *People v Corteway*, 212 Mich App 442; 538 NW2d 60 (1995). Guilty pleas have also been found to be involuntary where counsel fails to explain possible defenses to the charges. *People v Fonville*, 291 Mich App 363; 804 NW2d 878 (2011). Under those circumstances, a defendant has been denied the effective assistance of counsel because he has been deprived of the ability to make an intelligent and informed decision regarding his options. *Corteway*, 212 Mich App at 445.

Defendant testified at the plea proceeding that he fully understood the plea and the sentencing evaluation, that he was satisfied with his legal advice, and that he was not under any pressure to tender the guilty plea. Defendant's contradictory affidavit is insufficient to contradict his sworn testimony in open court. *Armisted*, 295 Mich App at 49. The record below indicates that defendant knowingly and voluntarily accepted the plea agreement.

Further, defendant has not established that he had a viable defense of which defense counsel failed to advise him. Defendant devotes a great deal of his brief on appeal to explaining that he operated a legitimate business that processed loan modification applications under the Home Affordable Modification Program. Defendant represents that the banks and other lenders as a whole did not live up to their obligations under the program. Thus, apparently, the defense that defendant was deprived of asserting was that struggling homeowners suffered financial losses simply because the financial institutions set up roadblocks for individuals seeking relief under the program. We conclude that defendant has not articulated a viable defense. This defense does not even address the charges that defendant misrepresented to his customers that he had attorneys on staff to prepare and present modification proposals. This defense further does not address the charge that the applications were incomplete or, indeed, never even submitted to the program. Considering this, defendant has not established that his plea was unknowing and involuntary because his counsel failed to advise him of a viable defense.

IV. SENTENCE IN EXCESS OF *COBBS* EVALUATION

Finally, defendant argues that he was entitled to withdraw his plea because the sentence imposed exceeded the court's preliminary evaluation under *Cobbs*. We disagree. A decision on a motion to withdraw a plea after sentencing is reviewed for an abuse of discretion. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012).

Before the entry of his plea, the trial court provided a preliminary sentencing evaluation pursuant to *Cobbs*. In *Cobbs*, the Supreme Court held that a trial court may participate in sentencing discussions at the request of a party but not on the judge's own initiative. Within these parameters, "a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." *Cobbs*, 443 Mich at 283 (emphasis in original). Defendant relies on the following language from *Cobbs* in support of his assertion that he was entitled to withdraw his plea when the court sentenced defendant inconsistent with the preliminary evaluation:

However, a defendant who pleads guilty or nolo contendere in reliance upon a

judge's preliminary evaluation with regard to an appropriate sentence has an

-4-

absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation. [*Id*.]

Defendant's reliance on this language is misplaced.

In *People v Kean*, 204 Mich App 533; 516 NW2d 128 (1994), this Court held that the defendant was not entitled to the benefit of a plea bargain that included a prosecutor's sentencing recommendation, and the trial court was not required to afford the defendant an opportunity to withdraw his plea, where the defendant violated a specific condition of the plea agreement. *Id*. at 535-536. See also *People v Abrams*, 204 Mich App 667, 672; 516 NW2d 80 (1994), and *People v Garvin*, 159 Mich App 38, 40; 406 NW2d 469 (1987). This Court reasoned that when the defendant walked away from a treatment program and failed to turn himself in, he had violated the plea agreement and was not entitled to the benefit of the bargain. *Kean*, 204 Mich App 535-536. Although *Kean* involved a sentencing recommendation, not a *Cobbs* evaluation, the rationale is equally applicable to cases involving a *Cobbs* plea.

In this case, defendant violated a precondition of the plea and *Cobbs* evaluation: he failed to timely make the agreed-upon $20,000 restitution payment. Thus, defendant is not entitled to the benefit of his bargain. Further, the trial court was not bound by the preliminary sentencing evaluation, and it was not required to afford defendant an opportunity to withdraw his plea. *Kean*, 204 Mich App at 535-536.

Perhaps in anticipation of this conclusion, defendant argues that making the restitution payment was not a specific precondition of the sentencing evaluation. Defendant argues that the only preconditions identified by the court were related to his compliance with the terms of his bond. He further submits that his failure to make the restitution payment was, therefore, not a violation of the sentencing agreement. Defendant then concludes that because the trial court failed to sentence him in accordance with the sentencing evaluation, he had an absolute right to withdraw his plea. However, defendant has selectively quoted from the court's colloquy and has taken statements out of context. Defendant relies on the following statements made by the court:

> *THE COURT*: Do you understand that I'm making the Cobbs representation with regard to you subject to the pre-conditions that you abide by all the conditions and terms of your bond, that you timely appear for your presentence interview and your sentencing and your delay of sentencings [sic], and you do not test positive for drugs and you do not engage in criminal behavior prior to sentencing.

> *MR. WHITE*: Yes your Honor.

> *THE COURT*: And do you agree that if any of those preconditions to the Cobbs representation are violated that you waive the right to withdraw your plea and that I will not be bound by the Cobbs representation?

Only mere seconds before the trial court made these statements, it made perfectly clear that making the 20,000 restitution payment was a precondition of the *Cobbs* evaluation. The court stated:

-5-

Okay. With regard to you as an individual, I have made a representation to you that pursuant to *People v Cobbs* that if you were to plead guilty today that I would agree to the following: that we would wait 60 days, approximately 60 days for your sentence in this case, and If you pay $20,000.00 of restitution at the time of sentencing I would then further delay the sentence for an additional 90 days. If you paid an additional $20,000.00 at that time I would continue the delayed sentence up to the statutory maximum of approximately 11 months, at which time I would sentence you. *And if you meet those criteria up to the time of the delayed sentence and follow all the other conditions I impose on you in connection with the delay of sentence*, than any sentence that you would receive would not exceed the bottom one-third of the guideline range.

Reading the court's statements in their entirety, it is clear that the timely making of the initial $20,000 restitution payment was a specific precondition of the *Cobbs* evaluation. Because defendant failed to comply with a precondition, the trial court was not bound by the preliminary sentence evaluation, and defendant was not entitled to an opportunity to withdraw his plea. *Kean*, 204 Mich App at 535-536.

Affirmed.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly