# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

GARY GILMORE,

      Defendant-Appellant.

UNPUBLISHED
September 25, 2018

No. 334205
Wayne Circuit Court
LC No. 16-003006-01-FH

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] from his plea of guilty to the charges of organized retail crime, MCL 752.1084, and use of a computer to commit a crime, MCL 752.797(3)(d). Defendant was sentenced to five years' probation for the organized retail crime conviction and 2½ to 7 years' imprisonment for the use of a computer to commit a crime conviction. We affirm.

Defendant argues that he did not waive his right to an evidentiary hearing regarding restitution because he properly objected to the amount of restitution at sentencing. We disagree.

In general, this Court reviews errors related to restitution for an abuse of discretion. *People v Bell*, 276 Mich App 342, 345; 741 NW2d 57 (2007). Additionally, this Court reviews a trial court's denial of a request for an evidentiary hearing for an abuse of discretion. *People v White*, 307 Mich App 425, 429; 862 NW2d 1 (2014). "An abuse of discretion occurs when a court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. In this case, defendant failed to preserve appellate review of the order of restitution by objecting at sentencing. *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003). Additionally, defendant waived his right to an evidentiary hearing by not affirmatively requesting one. *People v Gahan*, 456 Mich 264, 276; 571 NW2d 503 (1997), overruled in part

---

[1] On August 2, 2016, defendant filed a delayed application for leave to appeal, which this Court denied. *People of Michigan v Gary Gilmore*, unpublished order of the Court of Appeals, entered September 13, 2016 (Docket No. 334205). Defendant then filed an application for leave to appeal with the Michigan Supreme Court, which subsequently remanded defendant's case to this Court for consideration as on leave granted. *People v Gilmore*, 500 Mich 1019 (2017).

on other grounds by *People v McKinley*, 496 Mich 410, 419; 852 NW2d 770 (2014) (holding that restitution under MCL 780.766(2) must be causally linked to the conviction offense). Defendant did not affirmatively request an evidentiary hearing regarding restitution. Accordingly, this issue has not been preserved for appeal, and defendant waived his right to an evidentiary hearing.

This Court's review of unpreserved issues is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Reversal is warranted only when the plain error leads to the conviction of an actually innocent person, or where the error seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *Id*.

Defendant was required to pay $18,000 in restitution to the victim, Home Depot, as repayment for fraudulently purchasing sliding doors for a price far lower than their retail value on at least 52 separate occasions. Defendant accomplished this crime by affixing incorrect UPC barcodes to the items and paying for them at a self-checkout station. The self-checkout computer kiosk would then register that defendant had purchased an item that cost far less than the item he was actually purchasing. Defendant would later return the doors without a receipt and receive a refund for their full retail value. "Restitution" is defined as " '[c]ompensation or reparation for the loss caused to another.' " *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006), quoting *Black's Law Dictionary* (7th ed). The Crime Victim's Rights Act ("CVRA"), MCL 780.751 *et seq*., "mandates that a sentencing court order convicted defendants to 'make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction[.]' " *People v Corbin*, 312 Mich App 352, 359; 880 NW2d 2 (2015), quoting MCL 780.766(2). The CVRA defines a "victim" as " 'an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime.' " MCL 780.766(1). For purposes of subsection 2, "victim includes a sole proprietorship, partnership, corporation, association, governmental entity, or any other legal entity that suffers direct physical or financial harm as a result of a crime." *Id*.

Defendant argues that in order to avoid waiving his right to an evidentiary hearing, he was merely required to object to the order to pay restitution, which was a part of his original plea agreement. This argument conflates waiver with preservation. Defendant cannot avoid waiver of the right to an evidentiary hearing where he never affirmatively requested one. Objecting to the restitution order only results in preserving issues related to restitution for appeal and has no bearing on whether defendant has waived the right to an evidentiary hearing. Waiver and preservation are two separate concepts with different procedural standards and consequences. "Waiver has been defined as 'the intentional relinquishment or abandonment of a known right,' " whereas preservation avoids forfeiture that occurs when one fails to timely assert a right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citations omitted). If defendant had affirmatively objected to the restitution order, he would have only succeeded in preserving the issue for appeal. *Newton*, 257 Mich App at 68. The standard for avoiding waiver of the right to an evidentiary hearing differs from the standard for preservation of the issue. When a defendant forfeits an issue, it may still be reviewed for plain error. *Carines*, 460 Mich at 763.

Unlike forfeiture, an individual who waives a right "may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Carter*, 462 Mich at 215. To avoid waiver of the right to an evidentiary hearing regarding restitution, a defendant must affirmatively request such a hearing. *Gahan*, 456 Mich at 276. The only instance in which the issue of an evidentiary hearing was raised was before the initial plea hearing. Defense counsel asked whether defendant could still have a restitution hearing if he accepted the prosecution's offer that included $18,000 in restitution as part of a sentence agreement. Defendant argues that this question constituted a timely objection to the restitution order, and that consequently, he did not waive his right to an evidentiary hearing. The trial court advised the parties that it would not accept the plea agreement in that event and would instead schedule the case for a trial. Defendant nevertheless chose, after waving all of his rights, to accept the plea bargain that included the sentence agreement with the stated amount of restitution. And, even if the colloquy were an "objection," it would not have secured defendant's right to an evidentiary hearing because he was specifically required to affirmatively request such a hearing to avoid waiving the right to a hearing regarding restitution. Defense counsel's question did not constitute an affirmative request for an evidentiary hearing.

Defense counsel also failed to secure defendant's right to an evidentiary hearing following the plea hearing. At sentencing, after the trial court advised the parties that it could not accept that part of the plea agreement that defendant would not be sentenced to prison, defense counsel informed the trial court that "[defendant] would [still] like to accept the offer" and did not request an evidentiary hearing regarding restitution. Defendant also stated that he "would like to get on with [his] life" and voluntarily accepted the modified plea agreement with full knowledge of the amount of restitution, as indicated in a plea agreement defendant had signed and as previously stated on the record. "[A] defendant waives appellate review of a sentence . . . by understandingly and voluntarily entering into a plea agreement to accept that specific sentence." *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005). Defendant never objected to the amount of restitution owed and never formally requested an evidentiary hearing regarding restitution. As a result, defendant has waived his right to challenge the trial court's failure to grant him an evidentiary hearing on appeal. Waiver extinguishes any error, foreclosing appellate review. *McKinley*, 496 Mich at 418; *Carter*, 462 Mich at 214-215.

We affirm.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood