*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 19, 2019

Plaintiff-Appellee,

v

No. 339924
Wayne Circuit Court
LC No. 16-009220-01-FC

ARMONDO JACKSON,

Defendant-Appellant.

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree murder, MCL 750.317, and tampering with evidence in a criminal case, MCL 750.483a(5)(a); MCL 750.483a(6)(b). Defendant was sentenced, as a fourth offense habitual offender, MCL 769.12, to 50 to 70 years' imprisonment for the second-degree murder conviction and 15 to 30 years' imprisonment for the tampering with evidence in a criminal case conviction. We affirm, in part, and remand for the trial court to articulate its reasons for denying defendant's motion for a new trial.

This case arises out of the murder of Maurice Varner ("Varner"). Defendant recruited Blade and Sims to assist him in killing Varner because defendant's cousin, Jeffrey Jackson, would pay them $25,000 to do so. Blade and Sims hid in the basement of the abandoned house next door to the house of defendant's fiancée, Kamille Durant ("Kamille"). Defendant returned to the abandoned home with Varner, and led Varner into the basement. Sims jumped out of his hiding spot and hit Varner in the back of the head with a crowbar. Blade and defendant each hit Varner in the head with a two-by-four piece of lumber before Blade struck him in the neck with a hatchet. Defendant then took the hatchet from Blade and repeatedly hit Varner in the neck until Varner died. The three men then wrapped Varner in a rug, put him in Kamille's car, and drove to an alley, where they dumped Varner's body.

Following defendant's convictions, he filed a motion for an evidentiary hearing based on ineffective assistance of counsel and for a new trial based on newly discovered evidence. The trial court denied defendant's motion without stating any reasons for its denial.

## I. DENIAL OF EVIDENTIARY HEARING AND NEW TRIAL

Defendant argues that the trial court abused its discretion by denying defendant's motion for an evidentiary hearing and a new trial without providing any reason for the denial. We agree.

This Court reviews a trial court's denial of a request for an evidentiary hearing for an abuse of discretion. *People v White*, 307 Mich App 425, 429; 862 NW2d 1 (2014). "The facts supporting the grant or denial of an evidentiary hearing are reviewed for clear error, and the application of the law to those facts is reviewed de novo." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017).

Similarly, a trial court's decision whether to grant a new trial is reviewed for an abuse of discretion. *People v Brown*, 279 Mich App 116, 144; 755 NW2d 664 (2008). "An abuse of discretion occurs when a court chooses an outcome that falls outside the range of reasonable and principled outcomes." *White*, 307 Mich App at 429.

Defendant argues that the trial court abused its discretion by denying defendant's motion for a new trial based on newly discovered evidence. The trial court did not state its reason for denying defendant's motion for a new trial. "The court must state its reasons for granting or denying a new trial orally on the record or in a written ruling made a part of the record." *Brown*, 279 Mich App at 144-145, quoting MCR 6.431(B). Here, the trial court did not state its reasons for denying defendant's motion for a new trial. "A trial court necessarily abuses its discretion when it makes an error of law." *Franklin*, 500 Mich at 100 (quotation marks and citation omitted). Therefore, the trial court abused its discretion when it denied defendant's motion for a new trial without stating its reasons for doing so.

Defendant also argues that the trial court abused its discretion by denying defendant's motion for an evidentiary hearing regarding defense counsel's alleged ineffective assistance without stating its reason for doing so. Unlike a denial of a motion for a new trial, a trial court is not required to state its reason for denying a motion for an evidentiary hearing. However, because the trial court must state its reason for denying defendant's motion for a new trial on remand, the trial court should also provide its reason for denying defendant's motion for an evidentiary hearing so that this court can adequately review the trial court's exercise of its discretion.

## II. ADMISSIBILITY OF PHOTOGRAPHS

Defendant argues that the trial court abused its discretion by admitting five photographs into evidence because the relevancy of the probative value of the photographs was substantially outweighed by their prejudicial effect. We disagree.

A decision whether to admit photographs is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *People v Gayheart*, 285 Mich App 202, 227; 776 NW2d 330 (2009). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007). "Decisions concerning the admission of

evidence often involve preliminary questions of law that are reviewed de novo." *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

Defendant challenges the admission of five photographs: Exhibits 41, 48, 51, 58, and 61. Exhibit 41 shows Varner's body lying on top of Lewis's rug with the garbage bags removed from his head and feet. Exhibit 48 shows the fracture to Varner's jaw. Exhibit 51 shows an injury behind Varner's ear. Exhibit 58 shows Varner's left hand, where the tip of the thumb is missing. Exhibit 61 shows the injuries to the back of Varner's head.

"Photographic evidence is generally admissible as long as it is relevant, MRE 401, and not unduly prejudicial, MRE 403." *Gayheart*, 285 Mich App at 227. "If photographs which disclose the gruesome aspects of an accident or a crime are not pertinent, relevant, competent, or material on any issue in the case and serve the purpose solely of inflaming the minds of the jurors and prejudicing them against the accused, they should not be admitted in evidence." *People v Mills*, 450 Mich 61, 77; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995) (quotation marks and citations omitted). "Photographs may . . . be used to corroborate a witness' testimony, and [g]ruesomeness alone need not cause exclusion." *Gayheart*, 285 Mich App at 227.

Defendant argues that the five photographs lacked probative value because the brutality of the killing was not at issue, rather, only defendant's involvement in the killing was at issue. Defendant was charged with first-degree murder and the prosecution needed to establish beyond a reasonable doubt a "[m]urder perpetrated by means of poison, lying in wait, or any other willful, deliberate, and premeditated killing." *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018), quoting MCL 750.316(1)(a) (quotation marks omitted; alteration in original). The prosecution argued that the five photographs helped establish "the nature of the attack, that they prolonged the attack, a deliberate attack, attack done with premeditation by three men acting in concert. It goes to the elements of the offense." The trial court determined that the gruesomeness of the photographs alone was not a sufficient reason to exclude them.

Contrary to defendant's argument, defendant's intent and premeditation were at issue because whether defendant had the intent to kill and whether the murder was premeditated were essential elements of the charge of first-degree murder. While defendant's participation in the murder was also at issue, the prosecution offered the five photographs to show that defendant intended to kill Varner and that the murder was premeditated, not that defendant participated in the murder. "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012), quoting MRE 401. Because the photographs were offered to show that defendant intended to kill Varner and that the murder was premeditated, they were relevant evidence.

Defendant argues that even if the photographs were relevant, they were prejudicial because the photographs inflamed the jurors and distracted from the truly probative evidence. However, the photographs were introduced to show that defendant intended to kill Varner and that the murder was premeditated. While the photographs are gruesome, as the trial court noted, they were relevant to the charge of first-degree murder. The trial court admitted the photographs, implicitly determining that their probative value was not substantially outweighed by their prejudicial effect. This Court is unable to say, by the unsettling images alone, that the

trial court abused its discretion by admitting the photographs. Further, prior to admitting the photographs, the trial court questioned the prosecution regarding what each photograph showed. The trial court's consideration of what each photograph depicted shows that the trial court acted within its discretion when it admitted the photographs. Additionally, the jury did not convict defendant of first-degree murder, the most serious charge, "so it does not appear that the jury made its decision on the basis of an unfair emotional response." *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018).

Defendant also argues that the photographs are inadmissible because defendant only contested his involvement in the murder, not the brutality or intent of the murder. Defendant cites *People v Wallach*, 110 Mich App 37, 66-67; 312 NW2d 387 (1981), vacated 417 Mich 937 (1983), to support his argument. However, because *Wallach* was vacated by the Michigan Supreme Court, it has no precedential value. *People v Akins*, 259 Mich App 545, 550 n 8; 675 NW2d 863 (2003), lv den 470 Mich 880 (2004) ("A Court of Appeals opinion that has been vacated by the majority of the Supreme Court without an expression of approval or disapproval of this Court's reasoning is not precedentially binding.").

Defendant also argues that the photographs were prejudicial because of the depictions of the photographs could have been established by other means, such as through a description by the medical examiner. However, "[p]hotographs are not excludable simply because a witness can orally testify about the information contained in the photographs." *Mills*, 450 Mich at 76. While the medical examiner certainly could have described Varner's injuries without the use of the photographs, this fact alone is not a sufficient ground to exclude the photographs.

We affirm, in part, and remand for the trial court to articulate its reasons for denying defendant's motion for a new trial. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause