*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

THOMAS JAY MCCLOUD, JR.,

       Defendant-Appellant.

UNPUBLISHED
March 9, 2023

No. 359968
Oakland Circuit Court
LC No. 2009-224545-FC

Before: CAVANAGH, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

Defendant appeals as of right his July 6, 2021 sentences of 32½ to 60 years' imprisonment on resentencing, after remand by this Court. *People v McCloud*, unpublished per curiam opinion of the Court of Appeals, issued May 30, 2013 (Docket No. 296256). Defendant was convicted by a jury of two counts of first-degree murder, MCL 750.316(1)(b), committed when he was a juvenile, and sentenced to mandatory life imprisonment without parole eligibility. In his first appeal of right, this Court affirmed defendant's convictions, but remanded the case to the trial court for resentencing in accordance with *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012). *McCloud*, unpub op at 6. On remand, defendant was resentenced to 32½ to 60 years' imprisonment for each count of first-degree murder, in accordance with a sentencing agreement. Defendant argues on appeal his counsel was ineffective by failing to make a reasonable effort to secure a lower minimum sentence. Alternatively, defendant seeks this Court to remand for a *Ginther*[1] hearing. We affirm.

## I. BACKGROUND

Defendant was tried with codefendant, Dontez Tillman, and as summarized by this Court:

Defendants' convictions arise from the beating deaths of two homeless men by a group of teenagers in downtown Pontiac in August 2008. The prosecutor's

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

theory at trial was that, in the course of committing a larceny, defendants McCloud and Tillman participated in brutally beating 61-year-old Wilford "Frenchie" Hamilton and then leaving him in an alley behind a nightclub. Hamilton later died from blunt force head trauma and associated complications. The prosecutor further claimed that the day after Hamilton was found, defendant McCloud and his associates brutally beat 65-year-old Lee Hoffman and left him in a nearby park. Hoffman suffered a serious brain injury and died approximately a month later from his injuries. The prosecution presented evidence that one day after the attack on Hoffman, a group of teenagers were involved in two other non-fatal assaults of men in the same downtown Pontiac area. Defendant McCloud was captured after fleeing from the scene of the last assault, and subsequently gave a statement to the police. Both defendants denied any intent to kill or take any property, and argued that their respective statements to the police were unreliable because they were confused about which attacks were being discussed. . . . Both defendants were juveniles at the time of the offenses, but were charged and convicted as adults. [*McCloud*, unpub op at 1-2.]

In defendant's first appeal of right, defendant challenged not only his convictions, but also his mandatory life sentences, arguing on the latter point that he was a juvenile at the time of the offenses of first-degree murder. *Id*. at 2, 6. This Court upheld defendant's convictions, but vacated his mandatory life sentences and remanded for resentencing in accordance with *Miller*. *Id*. at 6. Defendant was resentenced, in accordance with a sentencing agreement in lieu of a *Miller* hearing to 32½ to 60 years' imprisonment. This appeal followed.

## II. STANDARD OF REVIEW

Because defendant failed to move the trial court for a new trial or a *Ginther* hearing regarding his assertion of ineffective assistance of counsel, the issue is unpreserved. *People v Jackson*, 313 Mich App 409, 431; 884 NW2d 297 (2015). Therefore, our review is limited to mistakes that are apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Whether defendant was deprived of effective assistance of counsel is a mixed question of fact and constitutional law. *Id*. Findings of fact are reviewed for clear error and questions of law are reviewed de novo. *Id*.

## III. ANALYSIS

Defendant argues he received ineffective assistance because his counsel did not make a reasonable effort to secure a lower minimum sentence. We disagree.

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*. "Reasonable probability means a probability sufficient to undermine confidence in the outcome." *People v Leffew*, 508 Mich 625, 637; 975 NW2d 896 (2022). "The defendant has

the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Defendant claims his counsel was ineffective because counsel settled with the prosecutor for a sentence of 32½ to 60 years rather than engaging in a reasonable effort to secure a lower sentence. Defendant, in a signed, notarized statement attached to his brief on appeal, asserts counsel did not prepare for his resentencing hearing by gathering background information to support a lesser sentence. Defendant further asserts he wanted to have a hearing where mitigating factors could be presented to the trial court, but his counsel "would not fight for [him]." However, defendant submitted this statement for the first time on appeal.

Generally, parties cannot expand the record on appeal. *Nix*, 301 Mich App at 203. Specifically, parties "cannot enlarge the record on appeal by the use of affidavits." *People v Williams*, 241 Mich App 519, 524 n 1; 616 NW2d 710 (2000). More importantly, a "[d]efendant's contradictory affidavit is insufficient to contradict his sworn testimony in open court." *People v White*, 307 Mich App 425, 432; 862 NW2d 1 (2014). At defendant's resentencing hearing, he was twice asked by the court if he was waiving his right to have a hearing and defendant twice responded that he was doing so. Thus, even if this Court considered defendant's improperly submitted affidavit, it is insufficient to overcome defendant's own acknowledgment in open court of his desire to waive the necessity of conducting a *Miller* hearing. *White*, 307 Mich App at 432.

Moreover, defendant contends counsel was ineffective, but provides no factual allegations to establish counsel's ineffectiveness. As noted, defendant asserts he wanted a hearing to present the trial court with information regarding mitigating factors to influence his sentencing, but counsel "would not go that route and instead agreed to a sentence agreement that called for a minimum of 32.5 years." Notwithstanding defendant's express waiver of his right to such a hearing on the record, defendant provides no analysis or allegations to support the assertion counsel was ineffective. Instead, defendant merely cites authority setting forth the basis of an ineffective assistance of counsel claim. Defendant fails to explain how counsel's performance fell below an objective standard of reasonableness, or how he was prejudiced by alleged instances of ineffective assistance of counsel. "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

Further, counsel did submit a sentencing memorandum, which included information regarding defendant's background and behavior in prison, which the trial court clearly reviewed based on statements made by the judge indicating consideration of this information. When given the opportunity to provide additional information for the trial court to consider, defendant's only comment was to correct the length of time he had been free of misconducts while in prison. Defendant did not offer any other or alternative mitigating factors for consideration. On appeal, defendant still fails to identify any additional mitigating factors that should have been presented to or considered by the trial court. Thus, defendant's contention his counsel failed to perform effectively by negotiating an even lower minimum sentence has no basis or support in the lower court record.

Alternatively, defendant requests we remand this matter for a *Ginther* hearing to determine whether his counsel rendered constitutionally effective assistance. However, defendant failed to bring a timely motion for remand under MCR 7.211(C)(1). Because defendant requests an evidentiary hearing in the context of his arguments on appeal, and not through a motion to this Court, it is procedurally inadequate for this Court's consideration. See *People v Bass*, 317 Mich App 241, 276 n 12; 893 NW2d 140 (2016) (rejecting a defendant's request for an evidentiary hearing because it was made in a Standard 4 brief and not in a proper motion to remand under MCR 7.211(C)(1)).

Finally, the purpose of a *Ginther* hearing is to allow defendant to establish facts or evidence to assist in making his claims regarding the effectiveness of counsel. *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973). But when a defendant requests a remand to develop a factual record, he must first support the request with affidavits or other offers of proof regarding the facts to be established at the hearing. MCR 7.211(C)(1)(a)(ii). Given that defendant has failed to identify any acts or information to suggest counsel inadequately prepared for defendant's resentencing, defendant has failed to establish the need to conduct a *Ginther* hearing, that such a hearing would reveal information to suggest counsel was ineffective, or that defendant was somehow prejudiced by counsel's alleged failure "to do more" to reduce his sentences.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett