*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES ROBERT FAFORD,

        Defendant-Appellant.

UNPUBLISHED
December 14, 2023

No. 365358
Hillsdale Circuit Court
LC No. 2022-465201-FH

Before: FEENEY, P.J., and RICK and HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion to withdraw his guilty plea. Defendant pleaded guilty to carrying a concealed weapon (CCW), MCL 750.227; possession of methamphetamine, MCL 333.7403(2)(b)(*i*); and possession of heroin, MCL 333.7403(2)(a)(*v*). The trial court sentenced defendant to concurrent terms of 24 to 60 months' imprisonment for carrying a concealed weapon, 38 to 120 months' imprisonment for possession of methamphetamine, and 23 to 43 months' imprisonment for possession of heroin. We vacate the order denying defendant's motion to withdraw his plea and remand for an evidentiary hearing.

## I. FACTUAL BACKGROUND

According to the presentence investigation report (PSIR) submitted to this Court on appeal, defendant was arrested after the police were called by a concerned citizen who believed defendant might be overdosing in a public parking lot. Police officers found defendant sitting in the driver's seat of the car. His head was noticeably nodding up and down, giving the appearance that he might be unconscious. As the officers looked inside the car, they saw a black box with magnets pointing upward, which is often used by drug traffickers to conceal controlled substances on the undercarriage of a car, and a small baggie containing multiple pills. The officers knocked on

---

[1] *People v Faford*, unpublished order of the Court of Appeals, entered April 20, 2023 (Docket No. 365358).

defendant's car window to speak with him. Defendant, who was actually conscious and alert, told the officers that he was just tired and was meeting a friend nearby. A Law Enforcement Information Network (LEIN) search revealed that defendant had an active warrant. While the officers were running defendant's information through LEIN, they discovered a tip indicating that defendant had possessed a firearm and was dealing methamphetamine out of a car belonging to his mother. Thereafter, the officers searched his car. They found a loaded .38-caliber revolver; a black magnetic transport box containing eight grams of methamphetamine, two grams of heroin, and three grams of ecstasy; multiple 1x1 packages; a digital scale; two glass pipes containing methamphetamine residue; a green camouflaged bag containing throwing knives; and four cell phones. Defendant was taken to Hillsdale Hospital for medical clearance. He was given medical clearance the same day and was then transported to jail.

Defendant was initially charged with eight counts: possession of methamphetamine with intent to deliver, MCL 333.7401(2)(b)(i) (Count 1); possession of less than 50 grams of heroin with intent to deliver, MCL 333.7401(2)(a)(iv) (Count 2); possession of ecstasy, MCL 333.7403(2)(b)(i) (Count 3); CCW (throwing knives), MCL 750.227 (Count 4); CCW (.38 revolver), MCL 750.227 (Count 5); possession of a firearm by a convicted felon, MCL 750.224f (Count 6); possession of methamphetamine, MCL 333.7403(2)(b)(i) (Count 7); and possession of heroin, MCL 333.7403(2)(a)(v) (Count 8). In exchange for pleading guilty to Counts 5, 7, and 8, the remainder of defendant's charges were dismissed and he was not charged as a habitual offender.

Defendant later moved to withdraw his guilty plea on the basis of actual innocence and ineffective assistance of counsel. He argued that the Good Samaritan defense applied to his case, which had not been explained to him by his defense counsel, and asked that his plea be withdrawn. The trial court denied defendant's motion, explaining that the Good Samaritan defense was not available. Inexplicably, the trial court did not conduct an evidentiary hearing before making this finding. It summarily made a number of factual findings that were fatal to defendant's motion and which defendant disputes.

## II. ANALYSIS

Defendant argues that the trial court made clearly erroneous factual findings pertaining to the Good Samaritan defense in this case. No evidentiary hearing was held to determine the veracity of any of the court's factual findings. We therefore conclude that the record is insufficient for this Court to determine whether the trial court abused its discretion in denying the motion to withdraw his guilty plea. A remand is required, and defendant is entitled to an evidentiary hearing.

We review a trial court's factual findings for clear error. MCR 2.613(C); MCR 6.001(D); *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018). A court's denial of a motion to withdraw a plea is reviewed for an abuse of discretion. *People v Parker*, 275 Mich App 213, 217; 738 NW2d 257 (2007). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *Johnson*, 502 Mich at 564 (quotation marks and citation omitted). Further, our "goal in interpreting a statute is to give effect to the intent of the Legislature as expressed in the statute's language." *People v Garrison*, 495 Mich 362, 367; 852 NW2d 45 (2014). "Absent ambiguity, we assume that the Legislature intended for the words in the statute to be given their plain meaning, and we enforce the statute as written." *Id*.

-2-

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017) (quotation marks and citation omitted). Generally, a defendant may move to withdraw a plea because of "an error in the plea proceeding . . . ." MCR 6.310(B)(1). However, "[t]o succeed on such a motion after sentencing, the defendant 'must demonstrate a defect in the plea-taking process.' " *Pointer-Bey*, 321 Mich App at 615-616, quoting *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012).

Guilty plea proceedings are governed by MCR 6.302, which requires that a plea be "understanding, voluntary, and accurate" to be valid. See also *Hill v Lockhart*, 474 US 52, 56; 106 S Ct 366; 88 L Ed 2d 203 (1985) ("The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.") (quotation marks and citation omitted). "When ineffective assistance of counsel is claimed in the context of a guilty plea, the relevant inquiry is whether the defendant tendered the plea voluntarily and understandingly." *People v White*, 307 Mich App 425, 431; 862 NW2d 1 (2014). Guilty pleas have been deemed involuntary when "counsel failed to explain possible defenses to the charges." *Id*. Under such circumstances, "the effective assistance of counsel has been denied because the defendant has been deprived of the ability to make an intelligent and informed decision regarding the available options." *Id*.

The Good Samaritan defense is a defense to the possession of controlled substances under MCL 333.7403. This defense states:

> (3) The following individuals are not in violation of this section:
>
> (a) An individual who seeks medical assistance for himself or herself or who requires medical assistance and is presented for assistance by another individual if he or she is incapacitated because of a drug overdose or other perceived medical emergency arising from the use of a controlled substance or a controlled substance analogue that he or she possesses or possessed in an amount sufficient only for personal use and the evidence of his or her violation of this section is obtained as a result of the individual's seeking or being presented for medical assistance. [MCL 333.7403(3)(a).]

As a statutory affirmative defense, the Good Samaritan defense places the burden on the defendant to present "prima facie evidence of the elements of the defense." *People v Morrison*, 328 Mich App 647, 653; 939 NW2d 728 (2019).

Defendant contends that when the police came into contact with him, he was overdosing on drugs that he possessed for personal use. He further claims that he was presented for medical attention by a concerned citizen who called the police because they believed he was overdosing. See MCL 333.7403(3)(a). Defendant argues that based on these facts, he would have been able to raise the Good Samaritan defense at trial, but his counsel did not inform him of this defense before he entered his guilty plea. Our review of the record indicates that the trial court made factual findings in favor of denying defendant's motion to withdraw his guilty plea without conducting an evidentiary hearing or allowing defendant to present evidence to support his motion to withdraw, which was largely grounded in his claim of ineffective assistance of counsel. The court appeared to rely exclusively on the PSIR, which was prepared by a probation officer with no firsthand

-3-

knowledge of the events leading to defendant's arrest. The trial court may have also reviewed the affidavit submitted by defendant in support of his motion to withdraw the plea, but did not appear to find facts consistent with the affidavit. The error here is thus threefold: The trial court relied on the PSIR, which constituted inadmissible hearsay, failed to offer defendant an opportunity to present admissible evidence in support of his motion to withdraw his plea (outside of the affidavit attached to his motion), and failed to provide him with an opportunity to prove his claim of ineffective assistance of counsel in relation to that plea.

As noted previously, "guilty pleas have . . . been found to be involuntary when counsel failed to explain possible defenses to the charges. Under those circumstances, the effective assistance of counsel has been denied because the defendant has been deprived of the ability to make an intelligent and informed decision regarding the available options." *White*, 307 Mich App at 431 (citations omitted). By claiming that defense counsel failed to advise him of the defenses available to him were he to go to trial, defendant has created a question of fact about whether his guilty plea was fully knowing and voluntary. However, given that the trial court made its factual findings based only on the PSIR and perhaps defendant's affidavit, the record is insufficient to allow us to determine the propriety of the trial court's ruling in this matter. Accordingly, we conclude that an evidentiary hearing must be held to determine the veracity of defendant's claim, as well as to establish a record for this Court to review as to whether the trial court abused its discretion by denying the motion to withdraw plea. *People v Jackson*, 203 Mich App 607, 612; 513 NW2d 206 (1994).

## III. CONCLUSION

The trial court abused its discretion by making factual findings in support of its order denying defendant's motion to withdraw his plea without first granting defendant an opportunity to support the motion with evidence, beyond a mere offer of proof in the form of an affidavit. In doing so, the court also failed to grant defendant an opportunity to prove his claim of ineffective assistance of counsel. On remand, the trial court must allow defendant an opportunity to renew the motion to withdraw his plea and participate in an evidentiary hearing, which must address both the motion to withdraw and the underlying ineffective assistance of counsel claim. The trial court must then make specific findings as to both issues and determine whether defendant has demonstrated an error in the plea-taking process sufficient to support granting his motion to withdraw the guilty plea.

Accordingly, we vacate the order denying defendant's motion to withdraw his guilty plea and remand for further proceedings consistent with this opinion. The trial court shall promptly conduct an evidentiary hearing within 56 days. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Michelle M. Rick
/s/ Noah P. Hood