*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES JAY HARBERT,

Defendant-Appellant.

UNPUBLISHED
June 17, 2026
10:51 AM

No. 374977
Jackson Circuit Court
LC No. 2015-005617-FC

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion for relief from judgment after he pleaded guilty to two counts of first-degree child abuse, MCL 750.136(b)(2), and one count of first-degree child abuse in the presence of another child, MCL 750.136d(1)(a). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from defendant's physical abuse of his two young sons, CH and JH. Defendant and his ex-wife operated a show dog and dog kennel business in their basement. To help facilitate the business, they forced their sons to provide daily care for approximately 20 dogs. If the boys did not complete their chores in a timely fashion, defendant would beat them with either a belt, leash, or wooden board.

After seeing JH repeatedly break out in tears while testifying at his trial, defendant decided to plead guilty to the charges to spare his children further struggle. Although a factual basis for defendant's crimes was placed on the record, the trial court failed to advise defendant of the rights he waived by pleading guilty under MCR 6.302(B)(3). Trial counsel did not object, and defendant

---

[1] *People v Harbert*, unpublished order of the Court of Appeals, entered August 13, 2025 (Docket No. 374977).

-1-

was convicted as noted above. The trial court ultimately sentenced him to 20 to 40 years' imprisonment on all three counts.

Defendant unsuccessfully applied for leave to appeal in this Court to challenge his sentencing guidelines. *People v Harbert*, unpublished order of the Court of Appeals, entered June 26, 2018 (Docket No. 343511). Defendant then moved in the trial court for relief from judgment. He argued that good cause existed for postjudgment relief because his trial and appellate counsels rendered ineffective assistance by failing to challenge his guilty plea, which was defective given the trial court's failure to inform him of his rights. Defendant also claimed that there was an insufficient factual basis underlying his plea because there was no evidence or testimony demonstrating that he knowingly or intentionally harmed his sons, a required element of first-degree child abuse. The trial court denied defendant's motion. This appeal followed.

## II. STANDARDS OF REVIEW

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Spears*, 346 Mich App 494, 502; 13 NW3d 20 (2023) (quotation marks and citation omitted). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *Id*. (quotation marks and citation omitted). "A trial court's findings of fact are clearly erroneous if, after a review of the entire record, the appellate court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks, brackets, and citation omitted).

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

## III. ANALYSIS

Defendant contends that the trial court abused its discretion by denying his motion for relief from judgment because he demonstrated good cause to obtain postjudgment relief. We disagree.

Generally, a trial court may not grant a motion for relief from judgment if the motion "alleges grounds for relief . . . which could have been raised on appeal from the conviction and sentence or in a prior motion." MCR 6.508(D)(3). To avoid denial on this basis, a defendant must show "good cause for failure to raise such grounds on appeal or in the prior motion," and "actual prejudice from the alleged irregularities that support the claim for relief." MCR 6.508(D)(3)(a) and (b). " 'Good cause' can be established by proving ineffective assistance of counsel." *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004).

Defendant contends that he established good cause because his trial counsel was ineffective for not ensuring that (1) he was advised of his rights under MCR 6.302(B)(3) before entering his guilty plea, and (2) there was a sufficient factual basis underlying his plea. He further argues that his appellate counsel was ineffective for not raising these ineffective-assistance claims in his prior unsuccessful appeal to this Court.

"When ineffective assistance of counsel is claimed in the context of a guilty plea, the relevant inquiry is whether the defendant tendered the plea voluntarily and understandingly." *People v White*, 307 Mich App 425, 431; 862 NW2d 1 (2014). "To demonstrate ineffective assistance, it must be shown that defendant's attorney's performance fell below an objective standard of reasonableness and this performance prejudiced him." *Kimble*, 470 Mich at 314. To establish prejudice in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty . . . ." *Hill v Lockhart*, 474 US 52, 59; 106 S Ct 366; 88 L Ed 2d 203 (1985). This Court "uses the same legal standard for ineffective assistance of counsel when scrutinizing the performance of trial counsel and appellate counsel." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

Even if we were to accept as true defendant's argument that trial counsel's failure to object to the plea-taking process or the factual basis underlying his guilty plea, as well as appellate counsel's failure to raise the issue in the prior appeal, was objectively unreasonable, defendant's argument still fails. Defendant must also establish prejudice, but does not argue on appeal that, had he been read his rights or had counsel objected to the trial court's factual bases,[2] he would not have pleaded guilty. *Hill*, 474 US at 59. Rather, defendant contends that these errors require reversal to give him the *opportunity* to revoke his plea or "allow it to stand" in other words, defendant has not claimed that he would actually revoke his plea even if he was granted the relief he seeks.

Because defendant was not prejudiced by trial counsel's failure to object to the trial court's alleged errors, he cannot show that he was denied the effective assistance of counsel. *Kimble*, 470 Mich at 314. Moreover, because defendant has failed to demonstrate that trial counsel was ineffective, his appellate counsel's failure to challenge the alleged defects in the plea proceedings was not objectively unreasonable. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."). Finally, because defendant cannot establish his ineffective assistance claims, he cannot establish good cause for failing to raise such grounds in his direct

---

[2] We also note that the record belies defendant's claim that there was an insufficient factual basis for his guilty plea. "A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical harm or serious mental harm to a child." MCL 750.136b(2). First-degree child abuse is a special intent crime, "which requires a criminal intent beyond the act done, whereas a general-intent crime requires only the intent to perform the proscribed physical act." *People v Maynor*, 256 Mich App 238, 240, 243; 662 NW2d 468 (2003). Defendant confirmed that he repeatedly and intentionally hit the boys with a wooden board. Defendant knew that the boys suffered serious bruising and scarring from this abuse, yet he continued hitting the boys in the same manner. Indeed, when asked whether he disputed that he "knowingly and intentionally caused [JH's] injuries[,]" defendant replied: "I knowingly did, yes." Because defendant's admissions created, at the very least, an inculpatory inference that he knowingly caused serious physical harm to his sons, *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011), there was a sufficient factual basis to support defendant's guilty plea.

appeal. The trial court, therefore, did not abuse its discretion by denying defendant's motion for relief from judgment.

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle